IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BIOPLANET CORP.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| **CROWN POLY, INC.** | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, BioPlanet Corporation, ("BioPlanet") for its complaint against Defendant, Crown Poly, Inc. ("Crown Poly"), avers that:

### I.
### JURISDICTION

1. This is an action arising under the patent laws of the United States (Title 35, United States Code) for declaratory judgment of the invalidity and non-infringement of U.S. Patent No. 6,379,292. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1338(a), 2201 and 2202.

### II.
### PARTIES

2. Plaintiff, BioPlanet is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1773 Westborough Dr., Houston, Harris County, TX 77449.

3. On information and belief, Defendant, Crown Poly is a corporation organized under the laws of the State of California, and may be served at its principal place of business at 5700 Bickett St., Huntington Park, Los Angeles County, CA 90255.

## COUNT I

4. On April 30, 2002, United States Patent 6,379,292 (hereinafter the "'292 patent") entitled "Continuous Roll of Plastic Bags" was issued to Ebrahim Simhaee.

5. Crown Poly has alleged, inferentially, that it is the owner of the entire rights, title and interest in and to the '292 patent and that it has right to assert this patent against BioPlanet.

6. The '292 patent includes six claims, each of which claims are directed to a method of manufacturing self –opening, plastic bags. The claims at issue here are at least claims 1-6 which are directed to the aforesaid method of manufacturing self –opening, plastic bags.

7. Each of the claims of the '292 patent includes the step of "at least partially separating the separation lines in one of the outer layers of the multi-layer star sealed configuration without opening any bags." The accused HDPE bags sold by BioPlanet do not include, *inter alia*, a partial separation of the separation lines of one of the outer layers.

8. BioPlanet has sold HDPE plastic bags to various customers in the United States since 2014. BioPlanet does not manufacture these HDPE bags, but instead purchases these bags from a manufacturer located in Brazil.

9. BioPlanet has no control over the operation and daily business of the manufacturer of those HDPE bags it sells in the United States. BioPlanet further does not specify or control the design or architecture of these HDPE bags, nor the method or process by which these bags are made. BioPlanet is further unaware of the manufacturing process which is employed by the manufacturer of the HDPE plastic bags.

10. On information and belief, the bags purchased by BioPlanet from its manufacturer have been described in a Brazil patent publication Nos. PI 9602972-2 A and MU 7501770-9 U, which publications are directed to the accused method of manufacturing and the structure for the

bags themselves, respectively. Both of these publications were printed prior to the April 3, 1997 priority date of alleged invention which resulted in the '292 patent.

11. On information and belief, the bags currently sold by BioPlanet have been sold by others in the United States since at least 1995. On further information and belief, the method by which these bags are made is the same as that method used originally in 1995.

12. On August 25, 2015 BioPlanet was contacted by Crown Poly which accused BioPlanet of infringing the '292 patent. In this letter, Crown Poly demanded that BioPlanet cease all sales of its HDPE bags and further demanded: (1) an accounting of all sales made by BioPlanet of all HDPE bags sold in the United States, and (2) the names of all customers to whom BioPlanet sold these bags. A true and correct copy of Crown Poly's August 25, 2015 demand letter is set forth at Exhibit "A" hereto.

13. A justiciable case or controversy therefore exits between BioPlanet and Crown Poly concerning, *inter alia*, BioPlanet's alleged infringement of the '292 patent and the validity of the '292 patent.

## COUNT I

## NON-INFRINGEMENT

14. BioPlanet herein incorporates the allegations of paragraphs 1-13 as if fully set forth at length.

15. Claims 1-6 of the '292 patent are not infringed by BioPlanet for the following reasons:

    A. Each of the claims of the '292 patent require the step of "at least partially separating the separation lines in one of the outer layers of the multi-layer star sealed configuration without opening any bags." The accused bags sold by BioPlanet do not include a partial separation of the separation lines of one of the outer layers;

B. Each of the claims of the '292 patent are directed to a method of manufacturing self-opening, plastic bags. BioPlanet does not manufacture the accused HDPE bags;

C. On information and belief, each of the accused plastic bags is made in Brazil, outside of the territorial boundaries of the United States.

16. BioPlanet and the direct and ultimate customers of BioPlanet have not, and are not, infringing, contributory infringing or actively inducing infringement over these claims 1-6 of the '292 patent.

## COUNT II

## INVALIDITY

17. BioPlanet herein incorporates the allegations of paragraphs 1-16 as if fully set forth at length.

18. Claims 1-6 of the '292 patent are invalid for the following reasons:

A. Prior to the alleged invention of the '292 patent in the United States, the subject matter thereof was described in a printed publication in this and/or a foreign country, and thus claims 1-6 of the '292 patent are invalid under 35 U.S.C. § 102(a);

B. Prior to the alleged invention of the '292 patent, the subject matter thereof was known and/or used by others in the United States, and thus claims 1-6 of the '292 patent are invalid under 35 U.S.C. § 102(a);

C. More than one year prior to the date of the application which matured into the '292 patent, the subject matter thereof was on sale in the United States, and thus claims 1-6 of the '292 patent are invalid under 35 U.S.C. § 102(b); and

D. The differences between the subject matter set forth in claims 1-6 of the '292 patent and the prior art are such that the subject matter as a whole would have been

obvious, at the time of the purported invention thereof by Ebrahim Simhaee, to a person having ordinary skill in that art.  Thus, claims 1-6 of the '292 patent are invalid under 35 U.S.C. § 103.

## III.
## PRAYER

WHEREFORE, BioPlanet prays that this Court enter a declaratory judgment declaring that:

    A.    Claims 1-6 of U.S. Patent No. 6,379,292 are invalid;

    B.    BioPlanet and its direct and ultimate customers have not and are not infringing, contributory infringing or actively inducing infringement of claims 1-6 of U.S. Patent No. 6,379,292;

    C.    Crown Poly, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with any of them shall be enjoined from suing or threatening to sue Plaintiff or its direct and ultimate customers from the alleged infringement of one or more claims of the '292 patent;  and

    D.    Plaintiff shall be awarded its attorneys' fees, costs and expenses in this action, together with such further relief as the Court may deem necessary or proper.

Dated:  October 13, 2015                  Respectfully submitted,

                                            **DUANE MORRIS LLP**

                                            */s/ Gregory M. Luck*
                                            Gregory M. Luck
                                            State Bar No. 12666380
                                            Fed. ID. 7711
                                            gmluck@duanemorris.com
                                            Wesley W. Yuan, Esq.
                                            State Bar No. 24042434
                                            Fed. ID. 808725
                                            wwyuan@duanemorris.com
                                            1330 Post Oak Blvd., Suite 800

                Houston, Texas 77056
                Tel: 713.402.3900
                Fax: 713.402.3901

**ATTORNEYS FOR PLAINTIFF, BIOPLANET CORP.**

DM2\6204085.1